IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH LEONARD SMITH, JR., TDCJ No. 2398791, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1594-B-BN |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Joseph Leonard Smith, Jr., a Texas prisoner, challenged his Johnson County, Texas conviction for causing injury to a child and resulting term of four years of imprisonment through a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254, filed in 2023. *See* Dkt. No. 4.

United States District Judge Jane J. Boyle referred the federal habeas petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The State responded, arguing that Smith's habeas claims are time barred. *See* Dkt. Nos. 13 & 14. And Smith replied. *See* Dkt. No. 16.

The undersigned entered findings of fact and conclusions of law recommending that the Court deny federal habeas relief because Smith's claims are time barred [Dkt. No. 18] (the "FCR").

As set out in the FCR, "[f]inality under [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] is complicated here by the fact that

adjudication of Smith's guilt was initially deferred [(in November 2018)], that he was instead placed on community supervision, and that he was subsequently adjudicated guilty and sentenced" in May 2022. Dkt. No. 18 at 3; *see also Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010) (holding that "a habeas claim that challenges a *deferred-adjudication order* and another habeas claim that challenges *a conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and distinct limitation periods under the AEDPA" (emphasis in original; distinguishing *Burton v. Stewart*, 549 U.S. 147 (2007))).

Over Smith's objections, *see* Dkt. No. 19, the Court accepted the undersigned's recommendation and entered judgment on March 15, 2024, *see* Dkt. Nos. 20 & 21.

Within 28 days, Smith filed a motion for reconsideration [Dkt. No. 22], arguing that the Court erred by accepting the recommendation to the extent that the undersigned found that "Smith's Section 2254 claims all challenge the 2018 proceeding that led to his plea of guilty and the deferred adjudication order." Dkt. No. 18 at 6 (citing Dkt. No. 4 at 8-16).

According to Smith's request for reconsideration, "[o]ne specific claim, Actual Innocence, inter alia, did not occur until the May 2022, hearing adjudicating Petitioner's guilt." Dkt. No. 22 at 3; *see id.* at 11 (referencing testimony from the

victim at the adjudication proceeding to support his innocence).

So, Smith concludes, not all claims in the petition are time barred.

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under [Federal Rule of Civil Procedure] 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Washington v. UTMB*, No. 20-20434, 2022 WL 2527665, at *1 (5th Cir. July 7, 2022) (per curiam) ("Regardless of how it is labeled or classified, a motion seeking reconsideration is treated as a Federal Rule of Civil Procedure 59(e) motion if it is filed within the applicable 28-day time limit." (citing FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994))). *Cf. Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) ("The Federal Rules of Civil Procedure generally govern habeas proceedings" but will "give way … if and to the extent" they are "'inconsistent with any statutory provisions or [habeas-specific] rules.'" (quoting 28 U.S.C. § 2254 Rule 12)).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister*, 140 S. Ct. at 1703 (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)).

So, upon the timely filing of an initial Rule 59(e) motion, "there is no longer a final judgment to appeal from," and a district court must rule on such a motion to "restore the finality of the original judgment" and "start the 30-day appeal clock,"

*Banister*, 140 S. Ct. at 1703 (cleaned up), even where a litigant files that motion after noticing an appeal, *see* FED. R. APP. P. 4(a)(4)(B)(i); FED. R. APP. P. 4(a)(4)(A).[1]

The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Id.* (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Here, Smith filed detailed objections to the FCR, which the Court overruled.

---

[1] *Compare Washington*, 2022 WL 2527665, at *1 ("Under Federal Rule of Appellate Procedure 4, the filing of a timely Rule 59(e) motion renders a notice of appeal ineffective until an order is entered disposing of the post-judgment motion. Because Washington filed objections to the district court's dismissal of his § 1983 complaint within 28 days of the entry of final judgment, those objections are properly construed as a Rule 59(e) motion. The district court has not yet ruled on Washington's Rule 59(e) motion; therefore, his notice of appeal is not yet effective, and this appeal is premature." (citations omitted)), *with Wilmington Savs. Fund Soc'y, FSB v. Myers*, 95 F.4th 981, 982 (5th Cir. 2024) (per curiam) ("Successive motions under Rule 59(e), however, 'will not indefinitely toll the prescribed period for filing a notice of appeal.' As one of our sister circuits put it, 'A party may not continue to file Rule 59(e) motions in order to forestall the time for appealing; only the first motion stops the clock.'" (citations omitted)).

In those objections, however, Smith failed to advance the argument that he makes now, one "which could, and should, have been made before the judgment issued."

But, even accepting Smith's current argument that the finality (and therefore timeliness) of his claim of actual innocence should be measured from the 2022 judgment – such that that claim is not time barred – it doesn't change the Court's determination that the Section 2254 application should be dismissed with prejudice.

While Texas's courts may recognize a substantive claim of actual innocence, "in which the person asserts a 'bare claim of innocence' based solely on newly discovered evidence," *Ex parte Brown*, 204 S.W.3d 538, 544-45 (Tex. Crim. App. 2006) (quoting *Ex parte Tuley*, 109 S.W.3d 388, 390 (Tex. Crim. App. 2002)), such a claim is not recognized as an independent ground for federal habeas relief, *see McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence." (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993))); *see also, e.g.*, *House v. Bell*, 547 U.S. 518, 554-55 (2006); *Reed v. Stephens*, 739 F.3d 753, 766 (5th Cir. 2014). *Cf. Schlup v. Delo*, 513 U.S. 298, 314 (1995) (distinguishing "procedural" claims of innocence, which are based on a separate, underlying claim that a defendant was denied "the panoply of protections afforded to criminal defendants by the Constitution").

So Smith's Section 2254 claim based on actual innocence, if timely, is nevertheless not cognizable and should be denied with prejudice.

The Court should therefore deny the construed motion under Rule 59(e).

## Recommendation

The Court should deny Petitioner Joseph Leonard Smith, Jr.'s construed motion under Federal Rule of Civil Procedure 59(e) [Dkt. No. 22], and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 22, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE